UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF NEW YORK

---

WINDWARD BORA LLC.

     Plaintiff,

v.

JOSEPH REDUTO III A/K/A JOSEPH REDUTO, ELLEN REDUTO

     Defendants.

Civil Action No. 20-cv-03996

VERIFED ANSWER WITH COUNTERCLAIMS

---

  The Defendants JOSEPH REDUTO III A/K/A JOSEPH REDUTO and ELLEN REDUTO, by and through their attorneys, La Capra, Salz & Kowalski, LLP, as and for their Verified Answer with Counterclaims to the Complaint dated August 27, 2020, filed by the Plaintiff WINDWARD BORA LLC, respectfully allege as follows:

  1. ADMIT the allegations contained in paragraph 1 of the Complaint.

  2. DENY knowledge or information sufficient to form a belief as to paragraph 2 of the Complaint.

  3. ADMIT the allegations contained in paragraphs 3 to 5, inclusive, of the Complaint.

  4. DENY knowledge or information sufficient to form a belief as to paragraphs 6 and 7 of the Complaint.

5. ADMIT the allegations contained in paragraphs 8 to 10, inclusive, of the Complaint.

6. DENY knowledge and information sufficient to form a belief as to paragraphs 11 to 13, inclusive, of the Complaint.

7. DENY each and every allegation contained in paragraphs 14 and 15.

8. DENY knowledge and information sufficient to form a belief as to paragraphs 16 and 17 of the Complaint.

9. DENY each and every allegation contained in paragraphs 18 to 23, inclusive, of the Complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. Upon information and belief, the subject note and/or mortgage provided as a condition precedent that Plaintiff was required to serve a notice of default and right to cure.

11. Plaintiff has failed to comply with the notice of default provision, which was a condition precedent to the commencement of action.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Real Property Actions and Proceedings Law §§1303 and 1304 provide as a condition precedent that Plaintiff was required to serve notices thereunder.

13. Upon information and belief, the Plaintiff has failed to comply with some or all of the required notices mandated by the cited statutes in the

immediately preceding paragraph, which notices were conditions precedent to the commencement of this action.

14. Based upon the foregoing, this Court lacks subject matter jurisdiction over this matter.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. Upon information and belief, the Plaintiff lacks standing to commence this action, not being the owner of the note and mortgage on the date of commencement of this action.

### AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

16. Defendants herein allege improper service of the summons and complaint by reason of which this Court lacks personal jurisdiction over Defendants herein.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### AND FIRST COUNTERCLAIM

17. Upon information and belief, Plaintiff has failed to comply with the provisions of the Home Ownership and Equity Protection Act (HOEPA).

18. Based upon the foregoing, Defendants are entitled to damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### AND SECOND COUNTERCLAIM

19. The subject note and mortgage are the product of predatory mortgage lending practices.

20. The predatory mortgage lending practices engaged in by the subject mortgage lender strips borrowers, such as and including Defendants

herein, of home equity and threatens families with foreclosure, devastating communities and neighborhoods.

21. Plaintiff and/or its predecessor-in-interest have committed numerous acts that constitute, by themselves or in conjunction with their course of conduct, predatory lending. Such acts included, but may not be limited to the following: (a) charging excessive fees; (b) abusive prepayment penalties; (c) inclusion of kickbacks and/or unconscionable or unlawful yield spread premium; (d) unlawful steering and targeting Defendants to the particular loan product involved herein, when they may have qualified for other, more favorable interest rates and/or terms; (e) unlawful steering and targeting Defendants to the particular loan product involved herein, when Plaintiff knew or should have known that Defendants could not reasonably afford the monthly payments of principal and interest required under the subject note and mortgage; and (g) issuing a mortgage to Defendants who had insufficient resources to make the scheduled mortgage payments.

22. Based upon the foregoing, the Defendants are entitled to damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE AND THIRD COUNTERCLAIM

23. Plaintiff and/or its predecessor-in-interest are subject to the Truth in Lending Act (TILA) and Regulation Z.

24. Upon information and belief, Plaintiff violated the requirements of the TILA and Regulation Z in the following and other respects: (a) failing to properly and accurately disclose the amount financed; (b) failing to properly

and accurately disclose the finance charges and other fees payable to the lender or third parties; (c) failing to accurately reflect the annual percentage rate; and (d) failing to properly and accurately disclose the total payments due thereunder.

25.     Based upon the foregoing, Defendants are entitled to damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE AND FOURTH COUNTERCLAIM

26.     Plaintiff and/or its predecessors-in-interest fraudulently and knowingly induced Defendants to enter into the subject transaction by making intentional misrepresentations and/or failing to disclose material information, including but not limited to: (a) misrepresenting to Defendants the monthly cost to finance the loan; (b) misleading Defendants about their ability to receive more favorable financing; (c) misrepresenting the nature of the documents they were asked to sign and the nature and details of the transaction; and (d) failing to disclose to Defendants the material information necessary for them to make an informed decision about entering into this transaction.

27.     The misrepresentations were willful, intentional and knowingly made, with the intention to induce Defendants into entering into the transaction.

28.     Defendants justifiably relied upon the misrepresentations.

29.     As a result of such misrepresentations, Defendants were damaged.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE AND FIFTH COUNTERCLAIM

30. Upon information and belief, the subject mortgage is a high cost loan as defined by Banking Law §6.

31. By virtue, thereof, Defendants are entitled to damages, including cancelation of the mortgage, attorney's fees and costs.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

32. Plaintiff failed to properly credit Defendants for payments made with respect to the subject note and mortgage.

33. The Plaintiff has not correctly calculated any amount allegedly owed by the Defendants.

### AS AND FOR AN ELVENTH AFFIRMATIVE DEFENSE

34. The Statute of Frauds bars in whole or in part the action brought by Plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

35. The Plaintiff's calculation of any amount allegedly owed by Defendants includes improper and excessive assessments, fees, and other charges.

WHEREFORE, Defendants JOSEPH REDUTO III A/K/A JOSEPH REDUTO and ELLEN REDUTO demand judgment dismissing the Complaint of Plaintiff, granting judgment on their Counterclaims and for such other and further relief as this Court deems just and proper.

Dated: Bayport, New York
       _SEPTEMBER 30_, 2020

_____
JOSEPH G. LA CAPRA, ESQ.
LA CAPRA, SALZ & KOWALSKI, LLP
*Attorneys for Defendants*
293 Bayport Avenue
Bayport, NY 11705
Tel: 631-582-4990

**VERIFICATION**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF SUFFOLK  )

JOSEPH REDUTO III A/K/A JOSEPH REDUTO, being duly sworn, deposes and says: I am one of the Defendants in this action. I have read the annexed VERIFED ANSWER WITH COUNTERCLAIMS and state that the foregoing is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
JOSEPH REDUTO III A/K/A
JOSEPH REDUTO

Sworn to before me
this _____ day of _____, 2020.

JOSEPH G. LaCAPRA
NOTARY PUBLIC, State of New York
No. 02LA5074368
Qualified in Suffolk County
Term Expires 03/10/23

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF SUFFOLK )

    ELLEN REDUTO, being duly sworn, deposes and says: I am one of the Defendants in this action. I am one of the Defendants in this action. I have read the annexed VERIFED ANSWER WITH COUNTERCLAIMS and state that the foregoing is true to my own knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
ELLEN REDUTO

Sworn to before me
this 30th day of September, 2020.

JOSEPH G. LaCAPRA
NOTARY PUBLIC, State of New York
No. 02LA5074368
Qualified in Suffolk County
Term Expires 03/10/23

CERTIFICATION

To the best of the undersigned's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22 NYCRR §130-1.1-a.

                                            Attorney signature pursuant to
                                            22 NYCRR §130-1.1a:

                                            *[signature]*
                                            JOSEPH G. LA CAPRA, ESQ.
                                            LA CAPRA, SALZ & KOWALSKI, LLP
                                            *Attorneys for Defendants*
                                            293 Bayport Avenue
                                            Bayport, NY 11705
                                            Tel: 631-582-4990