# LA CAPRA, SALZ & KOWALSKI LLP
ATTORNEYS & COUNSELLORS AT LAW

Joseph G. La Capra, Esq.*
jlacapra@lskesq.com
Edward S. Kowalski, Esq.
ekowalski@lskesq.com
*ALSO MEMBER OF CT BAR

OF COUNSEL
Steven A. Salz, Esq.

293 Bayport Avenue
Bayport, New York 11705
T. 631.582.4990
F. 631.582.4690
www.lskesq.com

November 3, 2020

**VIA ECF**
The Honorable Judge Gary R. Brown
United State District Court-E.D.N.Y
100 Federal Plaza
Central Islip, New York 11722

Re:   Windward Bora LLC v. Reduto III, et al., 20-cv-3996-GRB-ST
      Response to Plaintiff's Letter Requesting Pre-Motion Conference; Request
      for Settlement Conference

Dear Judge Brown:

This firm represents the defendants in the above referenced action and are writing this letter to oppose the request of plaintiff Windward Bora LLC for a pre-motion conference before filing a motion for summary judgment pursuant to FRCP 56. This request is premature at best and unwarranted because there are multiple aspects of the plaintiff's case that are still yet to be proved.

**This Motion is Premature Because the Parties Should Have a Settlement Conference Under FRCP 16.**

Paragraph 6 of the complaint sets out a basis for federal jurisdiction in this matter based on diversity of citizenship and an amount in controversy in excess of $75,000. Windward Bora, LLC, is an entity incorporated in Delaware, headquartered in Florida, and doing business in New York, as evidenced by the Entity Information database of the New York Department of State (https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token=E1F5017FDACC4685909AF04EA01C384F51D916B19E3A186FA564B60AD17204E905D10954EED89A0EDDD00D2F61D8D363&p_nameid=06DFCD4D8A06FDE4&p_corpid=BAE9F58C0DE14EB4&p_captcha=18306&p_captcha_check=E1F5017FDACC4685909AF04EA01C384F51D916B19E3A186FA564B60AD17204E9FA25447F61A8675AE49546FCA9309458&p_entity_name=%77%69%6E%64%77%61%72%64&p_name_type=%41&p_search_type=%43%

4F%4E%54%41%49%4E%53&p_srch_results_page=2), a copy of which is attached as Exhibit A.

Plaintiff's request to this court for a pre-motion conference in advance of its preparation of a motion for summary judgment is premature. Plaintiff has a presence and could have maintained its foreclosure action in New York courts, where the defendants would have been entitled to a mandatory settlement conference under CPLR 3408. Subdivision (f) of CPLR 3408 provides in part "Both the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including but not limited to a loan modification, short sale, deed in lieu of foreclosure, or any other loss mitigation, if possible." FRCP 16 allows for settlement conferences, even if CPLR 3408 is not applicable because of the plaintiff's choice of forum. Rather than deny the defendants the opportunity for a settlement conference, which would serve to speed resolution of this process, conserve judicial resources, and further the cause of justice, the defendants hereby request that a settlement conference first be held before this court pursuant to FRCP 16 before there is any entertainment of a motion for summary judgment. According to plaintiff's complaint, defendants' loan had been paid in full through 2018. A settlement conference is in the interests of all parties and could result in freeing up judicial resources. Such settlement conference should be before this court by the parties seeking to negotiate in good faith to reach a mutually agreeable resolution in the spirit of CPLR 3408, which this court can and should apply under FRCP 16.

A primary reason for why this litigation exists is plaintiff's and its predecessors in title failing to adequately disclose to defendants their identity and entitlement to payment, as well as plaintiff's inconsistent and confusing communications directed to the defendants. For example, by letter to defendants dated December 4, 2019, and set out as Exhibit B, plaintiff's firm notified defendants that the amount due on that loan was being decelerated (the full amount due was not being immediately demanded) and informed them that an upcoming loan payment in the amount of $1,155.35. Despite plaintiff's assertion in its complaint, plaintiff never formally re-accelerated the amount claimed due.

By letter dated January 6, 2020, plaintiff's counsel then informed defendants of the amount due said the amount "may be accelerated" but did not specify that the amount claimed due *was actually being accelerated*. A copy of this letter, which is also part of plaintiff's Exhibit E to its complaint, is set out as Exhibit C to this letter. This letter required a response from defendants by February 6, 2020.

The defendants responded to the January 5 letter by faxed letter dated February 5, 2020, that was sent from defendants to plaintiff on February 6, 2020, which is set out as Exhibit D. Defendant's fax must be viewed through the lens of the numerous transfers of the defendant's loan to different mortgage companies (first, from First National Bank of Long Island to Crosby Capital) and of mortgage servicing companies. At no time prior to the letter of January 5, 2020, was Windward Bora ever represented to defendants as the owner of their loan or as any type of mortgage servicer. In fact, the letter's statement, "Name of the creditor to whom the Debt is owed: Windward Bora LLC" was false because plaintiff did not own the loan at the time this misrepresentation was made.

Accordingly, it was reasonable for defendants, given the complexity of plaintiff's communications with defendants and the well-publicized frequency of scams targeting the senior population, to send a fax questioning who the claimed creditor was (whom they had not heard of) and what the claimed debt was for. This fax seeking the courtesy of this information, went unanswered. According to the complaint, it was not until March 19, 2020, that Windward Bora came into ownership of defendants' loan. Defendants' questioning of a debt and reluctance to pay it to someone they had never heard of (and who did not actually own their loan at the time of this demand) was certainly well-justified, a justification reinforced to them when no response to its inquiries were forthcoming.

Given the preceding, a settlement conference under FRCP 16 is the next appropriate step for this case. The defendants would like arrange a repayment plan and loan modification with plaintiff as part of a settlement of this case, which they are entitled to pursue.

**Determination of Defendant's Ability to Get Summary Judgment is not "Undisputed".**

With respect to plaintiff's counsel's request for a conference in advance of a summary judgment motion, with all due respect to plaintiff's counsel, a mere letter asserting an "undisputed" right to foreclosure is not proof of a case deserving of summary judgment. For example, paragraph 13 of the complaint asserts "Plaintiff is in physical possession and is the owner and holder of said original Note and Mortgage and Consolidated Mortgage." The defendants would certainly expect Windward Bora, LLC, to produce that actual original note to this court. However, it is incumbent on plaintiff to produce the originals before this court of all notes, mortgages, assignments and allonges in order to establish plaintiff's chain of title and to properly make a case against defendants. The complaint sets out copies of some of these things, but not all,

and none of which are originals. Plaintiff's counsel's item 3 in its letter ("Through a series of Note allonges and mesne Assignments of Mortgage, the Plaintiff became the owner and holder of the Note and Mortgage;") is far from proven and far from undisputed. Proof by display of a complete chain of titles with originals of all documents is also relevant to defendants' third affirmative defense.

Plaintiff's letter before this court (see also paragraph 15 of the complaint) asserts that "it is undisputed that the terms of the Note and Mortgage expressly authorize Plaintiff to accelerate the entire unpaid principal balance due along with interest and certain other fees, and to foreclose the Mortgage in the event Defendants default on making the monthly installment payments." Yet, by the letter of December 4, 2019, plaintiff decelerated the loan amount due. Plaintiff's Exhibit E is cited to support plaintiff's contention that plaintiff accelerated the loan but plaintiff's letters simply state that "Failure to correct the default by February 5, 2020 may result in acceleration of your loan." At no point in that letter, nor in any subsequent communications with defendants does the plaintiff actually notify the defendants that the loan is actually being accelerated.

Although the terms of the mortgage allow for acceleration without notice to defendants, having first given notice of deceleration it would have been reasonable for defendants to expect similar notice of acceleration. A statement that a default *may* result in acceleration of the loan is not the same as acceleration.

Plaintiff's "undisputed" fact 5 states: "Defendants failed to cure the default and on January 6, 2019, 30-day notices to cure and 90-day pre-foreclosure notices were sent to Defendants by certified and regular mail." There are no such letters dated in plaintiff's proffer of proof, either in its complaint or in the possession of defendants.

With respect to these notices, Real Property Actions and Proceedings Law §1301(a) provides in part: "Notwithstanding any other provision of law, with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower in at least fourteen-point type..."

The notice sent plaintiff says was sent to defendants to satisfy Real Property Actions and Proceedings Law §1301 is attached to this letter as Exhibit E. This notice is defective. It has no heading indicating who is sending it; there is no

indication that it is coming from a "lender, an assignee or a mortgage loan servicer" as prescribed by §1301. And again, the letter directs questions to Windward Bora, an entity that as of January 6, 2020, was not a lender, not an assignee, and not known to the defendants as a mortgage servicer. Moreover, the letter does not indicate any connection of Windward Bora to defendants or their loan. All of the foregoing in this paragraph is relevant to defendants' first and second affirmative defenses.

Therefore, Defendants' request that the Court deny Plaintiff's request for permission to file a Motion for Summary Judgment for the reasons set forth herein.

Respectfully submitted,

Joseph G. La Capra

Cc: Alan H. Weinreb, Esq., attorney for Plaintiff (via ECF)